UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN USELMAN, | Case No. 12-CV-1226 (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER |
| JOHN C. PENTLAND, | |
| Defendant. | |

Kevin Uselman, pro se.

Plaintiff Kevin Uselman filed suit under 42 U.S.C. § 1983 alleging that, while he was incarcerated at the Minnesota Correctional Facility at Rush City, defendant prison officer John Pentland failed to protect him from attacks by other inmates. On the recommendation of Magistrate Judge Jeanne J. Graham, ECF No. 42, the Court entered summary judgment against Uselman because he failed to exhaust his administrative remedies, ECF No. 47.

This matter is before the Court on Uselman's motion to overturn the judgment. Uselman has also filed a notice of newly discovered evidence, a memorandum urging liberal construction of his pro se filings, and an addendum discussing Pentland's answer to his complaint. None of these filings offers any reason to disturb the judgment under Fed. R. Civ. P. 59(e) or 60(b), which govern post-judgment motions. The filings are untimely under Rule 59(e), coming more than 28 days after the entry of judgment. And Uselman has not shown the type of "exceptional circumstances" that would entitle him to the "extraordinary relief" available under Rule 60(b). *In re Levaquin Prods. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014); *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008). Although Rule 60(b)(2) does authorize a court to vacate a judgment based on newly discovered evidence, the "evidence" Uselman identifies is not

evidence at all but an argument about the validity of affidavits Pentland submitted in support of his summary-judgment motion.  Specifically, Uselman appears to contend that two corrections officials who signed affidavits regarding the general policies of the Minnesota Department of Corrections and the Rush City facility and the aftermath of altercations involving Uselman cannot "support" Pentland because they did not actually witness Uselman being attacked by other inmates.  Uselman's contention is not evidence, much less new evidence, and Uselman is obviously wrong:  Someone can be qualified to testify about prison policies even if that person did not witness any assault of Uselman.

In sum, Uselman has not established that he is entitled to relief under either Rule 59(e) or Rule 60(b).  His motion to overturn the judgment is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court DENIES plaintiff's motion [ECF No. 50].

Dated:  September 5, 2014            s/Patrick J. Schiltz
                                     Patrick J. Schiltz
                                     United States District Judge